UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN THOMAS,<br><br>  Defendant. | Case No. 16cr1588-L<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, in the Information filed in this case, the United States sought forfeiture of all firearms and ammunition involved in the offense charged in the Information pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all firearms and ammunition seized from him in connection with this case pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (2), which were involved in the violation of 18 U.S.C. § 922(g)(1), as charged in Count 1 of the Information to which the Defendant entered a guilty plea; and

WHEREAS, on or about September 22, 2016, the Defendant pled guilty before Magistrate Judge Ruben B. Brooks to the one count contained in the Information, which plea included consent to forfeiture of all properties seized by law enforcement during the investigation of the offense, including forfeiture of a **Davis Industries Derringer .32**

1 **caliber pistol, bearing Serial No. 212346; and eight (8) rounds of Remington Arms,**
2 **.32 APC caliber ammunition**; and

3     WHEREAS, on October 7, 2016, this Court accepted Defendant's guilty plea; and

4     WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture
5 Addendum, the United States has established the requisite nexus between the forfeited
6 properties and the offense set forth in the Information; and

7     WHEREAS, by virtue of Defendant's factual admission and guilty plea to the charge
8 in the Information, the firearm and ammunition are hereby ordered forfeited to the
9 United States, and it is now entitled to possession of said properties, pursuant to 18 U.S.C.
10 § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (2); and

11     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
12 authority to take custody of the following properties which are hereby found forfeitable by
13 the Court, namely:

14         **a)**     **One (1) Davis Industries Derringer .32 caliber pistol, bearing Serial No. 212346; and**
15
16         **b)**     **Eight (8) rounds of Remington Arms, .32 APC caliber ammunition; and**

17     WHEREAS, the United States, having submitted the Order herein to the Defendant
18 through his attorney of record to review, and no objections having been received;

19     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

20     1.     Based upon the factual admission of the Defendant and his guilty plea, the
21 United States is hereby authorized to take custody and control of the following properties,
22 and the Defendant has hereby forfeited to the United States all of his right, title, and interest
23 to said properties pursuant to 21 U.S.C. § 853 for disposition in accordance with the law,
24 subject to the provisions of 21 U.S.C. § 853(n):

25         **a)**     **One (1) Davis Industries Derringer .32 caliber pistol, bearing Serial No. 212346; and**
26
27         **b)**     **Eight (8) rounds of Remington Arms, .32 APC caliber ammunition.**

28 //

2. The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

//
//

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: March 27, 2017

Hon. M. James Lorenz
United States District Judge